**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alan Carr, | No. CV-25-03889-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Child Safety, et al., | |
| Defendants. | |

Plaintiff David Alan Carr ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). (Doc. 1).

**I.    Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

## II. Plaintiff's Complaint

On October 20, 2025, Plaintiff filed suit against the Arizona Department of Child Safety, Semson Nip-Hung, Kris Mayes, Pinal County Superior Court, Judge Karen Palmer, and unknown parties acting in concert (collectively, "Defendants"). (Doc. 1 at 1). Therein, Plaintiff alleges that in or around September 13, 2024, Defendant Arizona Department of Child Safety ("DCS") initiated dependency and neglect proceedings, in Pinal County Superior Court of Arizona, against Plaintiff and the mother of his minor child C.R.C. (*Id.* at ¶¶ 4–6). He alleges various constitutional violations arising from these proceedings. Specifically, Plaintiff alleges:

- "Arizona lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act" (*id.* at ¶ 5);
- "DCS obtained an order claiming Plaintiff had abandoned or neglected C.R.C., even though Plaintiff was in Colorado, remained in contact with his daughter, and had never abandoned her" (*id.* at ¶ 6);
- "In her written order, Judge Karen Palmer stated that Plaintiff did not provide proof of a drug test," despite the caseworker's testimony that Plaintiff provided clean hair follicle test results (*id.* at ¶¶ 8–10);
- "The court declined to require the child's mother to undergo any drug testing" (*id.* at ¶ 11); and
- "Plaintiff was denied a jury trial and a truly public proceeding despite requesting both." (*Id.* at ¶ 12).

Following these proceedings, "the state court awarded guardianship of C.R.C. to the

---

§1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

maternal grandmother." (*Id.* at ¶ 13). Plaintiff has now brought First Amendment, Ninth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, declaratory relief, and injunctive relief claims against all Defendants. (*Id.* at 2–3). Plaintiff asks the Court to "[d]eclare that the Defendants lacked jurisdiction over the custody of minor child [C.R.C.];" "[v]acate all orders entered in Pinal County Superior Court Case No. S1100JD201200046;" "[o]rder the immediate return of C.R.C. to Plaintiff's custody;" and award money damages. (*Id.* at ¶¶ A–E).

## III. Discussion

This Court lacks the jurisdiction to grant Plaintiff's requested relief. Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). *Rooker-Feldman* applies when a federal plaintiff claims the state court's legal errors as their injury and seeks relief from a state court judgment as their remedy. *Id.* at 1140.

Here, Plaintiff's requested relief primarily concerns prior state court actions and orders. (*See* Doc. 1 at ¶¶ A–C). For example, Plaintiff asks the Court to declare that Defendants lacked jurisdiction over him, declare that "related Arizona orders are void," vacate all orders entered in the Pinal County Superior Court case, and order the immediate return of the minor child to his custody. (*Id.*) These requests seek relief from state court judgments and are clearly barred under *Rooker-Feldman*. The alleged errors in Plaintiff's state court proceedings do not change this conclusion. (*See id.* at ¶¶ 5–12). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision....'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel*, 341 F.3d at 1164).

Furthermore, courts have routinely held that *Rooker-Feldman* bars claims for money

damages. *See*, *e.g.*, *Kincaid v. Cnty. of Los Angeles*, 2023 U.S. Dist. LEXIS 128019, *34 ("Even if Plaintiff sought only damages, *Rooker-Feldman* would bar his claims stemming from alleged injuries from the state court's decisions."); *Grimes v. Alameda County Soc. Servs.*, 2011 U.S. Dist. LEXIS 120259, *8 ("Even if plaintiff were to abandon his request for the return of his children and instead pursue only money damages, his claims still would require review of the relevant state-court decisions. Such review is barred."). Therefore, because Plaintiff's claims for money damages are based on injuries from state court actions, they are barred by *Rooker-Feldman*.

In addition to *Rooker-Feldman*, Eleventh Amendment, judicial, and prosecutorial immunity prohibit Plaintiff's claims as the Complaint only speaks to Defendants' actions in their official capacities. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against [Arizona Superior Courts] (or its employees), because such suits are barred by the Eleventh Amendment."); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities.").

Accordingly, because Plaintiff's Complaint seeks to reverse or alter rulings in his state court case, it is dismissed as the Court lacks subject matter jurisdiction. To the extent Plaintiff claims error in the state court proceedings, his relief lies in an appeal to a higher state court, not with a federal district court. *Noel*, 341 F.3d at 1154. Given the Court's lack of jurisdiction over Plaintiff's Complaint, Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is denied.

**IV.   Leave to Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*,

- 4 -

371 U.S. 178, 182, (1962)).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Put differently, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, there are no other consistent factual allegations that could cure Plaintiff's Complaint of the foregoing deficiencies.  The Court lacks jurisdiction to hear Plaintiff's claims because they wholly regard alleged errors in his state court case.  The proper remedy for Plaintiff is an appeal to the state court of appeals. Bringing an amended complaint to this Court would risk futility and therefore, leave to amend is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **GRANTED** but his Complaint (Doc. 1) is **DISMISSED with prejudice**.  The Clerk of Court is kindly directed to enter judgment and terminate this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is **DENIED as moot**.

Dated this 21st day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge